IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JACOB ZARETSKY

      Plaintiff

vs.

TOWER FORTY-ONE ASSOCIATION, INC
PHILIP KLEIN, and MARIBEL SOTOLONGO

      Defendant

_____/

## COMPLAINT

COMES NOW, Plaintiff, JACOB ZARETSKY, individually, by and through his undersigned counsel, sues the Defendants TOWER FORTY-ONE ASSOCIATION, INC., PHILLIP KLEIN, and MARIBEL SOTOLONGO, and states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 42 U.S.C § 3613, as this lawsuit is brought under the Fair Housing Act, 42 U.S.C § 3601 et seq., and supplemental jurisdiction under 28 U.S.C. § 1367 for the county ordinance claims.

2. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(b)(2) because (a) the Defendants are in the judicial district, and (b) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and are occurring within this judicial district and a substantial party of property that is the subject of the action is situated within this judicial district.

Case 1:25-cv-22095-MD   Document 1   Entered on FLSD Docket 05/06/2025   Page 2 of 9

Zaretsky v. Tower Forty-One Association Inc., et. Al.
Complaint
Page **2** of **9**

## PARTIES

3. JACOB ZARETSKY ("Plaintiff") is a twenty-five-year-old male who resides in Miami-Dade County and is *sui juris*. He lives with Autism Spectrum Disorder and is a qualified person with a disability.

4. Defendant, TOWER FORTY-ONE ASSOCIATION, INC. (herein referred to as "TOWER FORTY-ONE") is a corporation licensed to do business in Miami-Dade County and operates the residential building where the alleged Fair Housing Act violation occurred.

5. At all times relevant, Defendant, PHILIP KLEIN, is the President of the Board of Directors of TOWER FORTY-ONE and is *sui juris*.

6. At all times relevant, Defendant, MARIBEL SOTOLONGO, is the property manager at TOWER FORTY-ONE and is *sui juris*.

## FACTS

7. On or about May 10, 2023, JACOB ZARETSKY applied to lease unit 602 at TOWER FORTY-ONE, a condominium located at 4101 Pine Tree Drive, Miami Beach, FL 33140.

8. JACOB ZARETSKY applied for the lease with his father, Louis Zaretsky (herein referred to as "Louis Zaretsky"). Louis also acted as a guarantor on the lease. Louis Zaretsky was listed as the applicant and JACOB ZARETSKY as the co-applicant. JACOB ZARETSKY lives with Autism and does not have the necessary credit history or income to be able to lease a property on his own.

Case 1:25-cv-22095-MD   Document 1   Entered on FLSD Docket 05/06/2025   Page 3 of 9

Zaretsky v. Tower Forty-One Association Inc., et. Al.
Complaint
Page **3** of **9**

9. JACOB ZARETSKY was the only individual listed in the section asking for occupants of the unit.

10. The rental application or proposed lease did not include or reference a lessee-sublessee relationship.

11. JACOB ZARRETSKY's completed application to lease the unit included three letters of recommendation from prior employers and other community members, a $150 cheque to cover the application fee, a $500 cheque for the security deposit, and an extensive list of past residences that had no liens or mortgages to show Louis Zaretsky's financial stability and build confidence that he would not default on rent.

12. JACOB ZARETSKY planned to move into his unit on June 1, 2023, as per his lease with the landlord, Mark Beer.

13. On or about May 25, 2023, Louis Zaretsky had a telephone conversation with PHILIP KLEIN, President of the Board of Directors of TOWER FORTY-ONE, as part of the application process. PHILIP KLEIN brought up JACOB ZARETSKY's age, 25, because he was concerned that JACOB ZARETSKY would be throwing parties in the building. To relieve his concerns, Louis Zaretsky explained that JACOB ZARETSKY was Autistic, kept to himself, and therefore the Board would not have to worry about noise from parties.

14. In the conversation, it was clear that Louis Zaretsky was speaking for his son and was the guarantor for Jacob Zaretsky because of his Disability.

15. PHILIP KLEIN, nor any member of the Board of Directors ever spoke with JACOB ZARETSKY despite seeing him several times in the building at the property management

Case 1:25-cv-22095-MD   Document 1   Entered on FLSD Docket 05/06/2025   Page 4 of 9

Zaretsky v. Tower Forty-One Association Inc., et. Al.
Complaint
Page **4** of **9**

office. They chose to exclusively communicate with his parent despite JACOB ZARETSKY being a 25-year-old adult.

16. Upon information and belief, TOWER FORTY-ONE, PHILIP KLEIN and MARIBEL SOTOLONGO knew of JACOB ZARETSKY's intellectual disability because they purposely chose not to communicate with him concerning issues with his tenancy, but only with his father who they knew was not going to live in the unit.

17. On or about May 28, 2023, the TOWER FORTY-ONE Board of Directors held a meeting to determine whether JACOB ZARETSKY would be approved for tenancy. PHILIP KLEIN and the other members of the Board of Directors denied JACOB ZARETSKY's application for residency.

18. On May 30, 2023, JACOB ZARETSKY received a notice from TOWER FORTY-ONE property manager, MARIBEL SOTOLONGO, rejecting his lease application without any explanation other than that the landlord, Mark Beer, no longer wanted to rent his apartment.

19. Mark Beer called Louis Zaretsky and advised him that he wanted to rent his unit to JACOB ZARETSKY, but the decision was up to the Board of Directors.

20. Following the denial, TOWER FORTY-ONE did not send JACOB ZARETSKY an adverse action notice pursuant to the Fair Credit Reporting Act stating that the denial was based on credit history.

21. The unit was rented shortly after by a woman over the age of 25 years old who did not make any disclosures about Autism or any other developmental disability to any member of the TOWER FORTY-ONE Board of Directors.

Case 1:25-cv-22095-MD   Document 1   Entered on FLSD Docket 05/06/2025   Page 5 of 9

Zaretsky v. Tower Forty-One Association Inc., et. Al.
Complaint
Page **5** of **9**

22. On or about October 10, 2023, JACOB ZARETSKY filed a Fair Housing complaint with the Miami-Dade Commission on Human Rights (herein referred to as "CHR") based upon disability and age.

23. On or about November 14, 2023, JACOB ZARETSKY received a letter from TOWER FORTY-ONE, in response to the administrative complaint. The letter claimed JACOB ZARETSKY was denied tenancy because 1) as the person considered to be occupying the unit he had no credit history and 2) his father could not be an applicant with JACOB ZARETSKY as a co-applicant because TOWER FORTY-ONE "has a strict policy against sub-tenants."

24. After the denial, JACOB ZARETSKY rented a more expensive and less convenient unit in the Bal Harbor neighborhood.

25. JACOB ZARETSKY retained the Nova Southeastern University Shepard Broad College of Law Disability Inclusion and Advocacy Law Clinic and has agreed to pay any necessary and reasonable costs in the prosecution of this cause.

**COUNT I – DENIAL OF A DWELLING IN VIOLATION OF 42 U.S.C §3604(f)(1)**

26. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

27. At all times material, TOWER FORTY-ONE, PHILIP KLEIN, and MARIBEL SOTOLONGO had actual knowledge of JACOB ZARETSKY's Autism diagnosis.

28. All Defendants either denied or were substantially involved in the denial of housing to ZARETSKY.

29. A person who was not autistic or otherwise developmentally disabled rented the unit.

Case 1:25-cv-22095-MD   Document 1   Entered on FLSD Docket 05/06/2025   Page 6 of 9

Zaretsky v. Tower Forty-One Association Inc., et. Al.
Complaint
Page **6** of **9**

30. Pursuant to 42 U.S.C. §3604(f)(1), it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap."

31. TOWER FORTY-ONE, PHILIP KLEIN, and MARIBEL SOTOLONGO made housing for JACOB ZARETSKY unavailable because of his disability by denying his application for pretextual reasons.

　　WHEREFORE, JACOB ZARETSKY demands judgment against TOWER FORTY-ONE, PHILIP KLEIN, and MARIBEL SOTOLONGO to declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons with disabilities, for compensatory and punitive damages, and their attorneys' fees and costs as well as any other such relief as this Court deems just and equitable.

**COUNT II – DENIAL OF A REASONABLE ACCOMODATION IN VIOLATION OF 42 U.S.C. §3604(f)(3)**

32. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

33. Pursuant to 42 U.S.C. §3604(f)(3)(B), it is unlawful to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

34. In submitting their application and in conversation with PHILIP KLEIN, Louis Zaretsky co-signed as an applicant because of JACOB ZARETSKY disability and his disabilities effect on his work and his credit history.

35. Notwithstanding this information, JACOB ZARETSKY was denied tenancy as 1) as the person considered to be occupying the unit he had no credit history and 2) his father

Case 1:25-cv-22095-MD   Document 1   Entered on FLSD Docket 05/06/2025   Page 7 of 9

Zaretsky v. Tower Forty-One Association Inc., et. Al.
Complaint
Page **7** of **9**

could not be an applicant with JACOB ZARETSKY as a co-applicant because TOWER FORTY-ONE "has a strict policy against sub-tenants.

36. While there was no policy against guarantors or co-applicants, it was clear that Louis Zaretsky and JACOB ZARETSKY made a request for Louis Zaretsky to be considered to be financial security for all necessary fees and costs incurred by JACOB ZARETSKY.

37. Defendants frequently allow family members and others not related to be guarantors of leased properties

38. This request for accommodation was both necessary as a result of JACOB ZARETSKY's disability and reasonable as a matter of law.

39. By denying tenancy to JACOB ZARETSKY, TOWER FORTY-ONE, PHILIP KLEIN, and MARIBEL SOTOLONGO denied the request for accommodation.

   WHEREFORE, JACOB ZARETSKY demands judgment against TOWER FORTY-ONE, PHILIP KLEIN, and MARIBEL SOTOLONGO to declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons with disabilities, for compensatory and punitive damages, and their attorneys' fees and costs as well as any other such relief as this Court deems just and equitable.

**COUNT III – DISCRIMINATION OF RENTAL OF HOUSING BASED ON AGE IN VIOLATION OF §11A-12(1)(a) MIAMI-DADE COUNTY CODE.**

40. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

Case 1:25-cv-22095-MD   Document 1   Entered on FLSD Docket 05/06/2025   Page 8 of 9

Zaretsky v. Tower Forty-One Association Inc., et. Al.
Complaint
Page **8** of **9**

41. Pursuant to §11A-12(1)(a) of the Miami-Dade County Code, it is unlawful for any person "to refuse to sell, purchase, rent, lease, finance, negotiate or otherwise deny or to withhold a dwelling" because of age.

42. During Louis Zaretsky phone conversation with PHILIP KLEIN, it was clear that PHILIP KLEIN did not want young residents in the building due to unevidenced fears of parties and noise. Therefore, PHILIP KLEIN intended to refuse to approve a rental or lease agreement based on JACOB ZARETSKY's age of 25 years old.

43. All Defendants either denied or were substantially involved in the denial of housing to ZARETSKY.

44. A person who was over thirty years old rented the unit.

45. TOWER FORTY-ONE, PHILIP KLEIN, and MARIBEL SOTOLONGO made housing for JACOB ZARETSKY unavailable due to his age by denying his application for pretextual reasons.

   WHEREFORE, JACOB ZARETSKY demands judgment against TOWER FORTY-ONE, PHILIP KLEIN, and MARIBEL SOTOLONGO to declare that the actions of the Defendants violated the Miami-Dade County Code by discriminating against persons on the basis of age, for compensatory and punitive damages, and their attorneys' fees and costs as well as any other such relief as this Court deems just and equitable.

Dated this 6th day of May 2025.

/s/ Matthew Dietz
Matthew W. Dietz
Florida Bar Number: 0084905
Attorney for the Plaintiff
Disability Inclusion & Advocacy Law Clinic

Nova Southeastern University
Shepard Broad College of Law
3305 College Avenue
Fort Lauderdale, FL 33314 Tel:
(954) 262 – 6138
Email: mdietz@nova.edu